UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CHI HILL and JIM HILL, Individually and on Behalf of S.H., a minor, and DALTON HILL, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No.: 3:14-CV-96-PLR-HBG ) |
| BLOUNT COUNTY SCHOOLS, ROB BRITT, STEVE LAFOT, CASSANDRA DOWD, ROB CLARK, BLOUNT COUNTY BOARD OF EDUCATION, DR. JANE MORTON, DR. ALISA TEFFETELLER, BLOUNT COUNTY, and WILLIAM BLOUNT HIGH SCHOOL, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiffs have brought this action alleging racial discrimination at William Blount High School in violation of federal and state law. The federal claims are brought under 42 U.S.C. § 1983, 42 U.S.C. § 2000(d) (Title VI), and under the Equal Protection Clause of the Fourteenth Amendment. The state law claims are for negligent hiring and retention; intentional/negligent infliction of emotional distress; and a statutory claim under Tenn. Code Ann. § 49-6-4501, *et seq.*

The Complaint makes general factual allegations about the treatment of S.H. and Dalton Hill while enrolled at William Blount High School. Dalton Hill attended William Blount High School 9th Grade Academy during the 2009-2010 school year and then

transferred to Hardin Valley Academy in 2012. The Complaint avers that S.H. is a junior at William Blount High School and attended the William Blount High School 9th Grade Academy during the 2010-2011 school year. Plaintiffs allege a pattern of discrimination that occurred in the years 2009 through 2011, but do not mention any specific acts occurring after 2011.

This matter is before the court on various motions filed by defendants: (1) defendants' motions to dismiss [R. 20, 23], and (2) defendant's motions to dismiss, or in the alternative to substitute parties [R. 36, 38].

## I. Standard for Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard. *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004). Rule 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. A formulaic recitation of the elements of a cause of action will not do. Id. Nor will an "unadorned, the-defendant-unlawfully harmed me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A pleading must instead "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

2

"Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 129 S. Ct. at 1948.

### II. Motions to Dismiss, or in the Alternative to Substitute S.H. as Party Plaintiff

Defendants move to dismiss the claims of Chi Hill and Jim Hill as Next Friend of S.H., a minor, or in the alternative, move to substitute S.H. as plaintiff to her claims. In support of their motion, defendants state that S.H. was a minor when this lawsuit was filed. However, S.H. reached eighteen (18) years of age on August 20, 2014, and is no longer a minor. Further, S.H. graduated from William Blount High School on May 20, 2014. Therefore, defendants assert that Chi Hill and Jim Hill no longer have standing to sue in behalf of their daughter in a representative capacity as Next Friends and Parents. In the alternative, defendants move to substitute S.H., now an adult, as the real party in interest.

The enactment of Tenn. Code Ann. § 1-3-113(a) completely emancipated individuals over eighteen years of age from the control of their parents. *Garey v. Garey,* 482 S.W.2d 238, 241 (1958). Where emancipation of a minor is complete, the parent's

3

right to maintain an action for loss of services due to injuries is cut off. *Memphis Steel Constr. Cov. v. Lister,* 197 S.W. 902 (Tenn. 1917). No Tennessee case has recognized a parental cause of action for loss of society and companionship of an emancipated adult child. *Morris v. State,* 21 S.W.3d 196, 200 (Tenn.Ct.App. 1999). Moreover, a plaintiff has no right to sue in his own behalf for the deprivation of the civil rights of his or her children. *Meador v. Cabinet for Human Resources,* 860 F.2d 1079 (6th Cir. 1988).

Because S.H. is no longer a minor nor under any legal disability under Tennessee law, her parents have lost all rights or standing to bring this lawsuit as Next Friends. This necessitates the removal of Chi Hill and Jim Hill as the persons bringing the claims in behalf of their emancipated daughter. Therefore, the claims of Chi Hill and Jim Hill brought in behalf of S.H. must be dismissed, unless a substitution of the real party in interest occurs.

Defendants do not dispute that the applicable statute of limitations as to the claims of S.H. has not run. Tenn. Code Ann. § 28-1-304 provides a one year statute of limitations for a cause of action for personal injuries in Tennessee. Tenn. Code Ann. § 28-1-106 provides that S.H. has until her 19th birthday in which to sue for a claim which arose while she was a minor. Assuming that S.H. wishes to continue the lawsuit, substitution of S.H. as the "real party in interest" is appropriate. Plaintiffs do not dispute the fact that S.H. is no longer a minor as defined by Tennessee law. Plaintiffs have cited no authority contrary to that provided by defendants that once a person under disability at the time suit was filed, is no longer under disability, the status of Next Friend goes away, leaving as the only remaining real party in interest, the now adult S.H. Accordingly,

4

defendants' motions to substitute S.H. as the real party in interest, is **GRANTED**, and S. Hill is **SUBSTITUTED** as party plaintiff in this action.

Next, the court will address the defendants' motions to dismiss the individual claims of Chi Hill and Jim Hill.

### III.  Individual Claims of Chi Hill and Jim Hill

A plaintiff "generally must assert his own legal rights and interests, and cannot rest his claim on the legal rights or interests of third parties." *Conn v. Gabbert,* 526 U.S. 286, 292 (1999).  Specifically, the Sixth Circuit has held that a parent may not bring a § 1983 claim or an Equal Protection Clause claim as an individual for any alleged violation of his or her child's constitutional rights because such action is "entirely personal to the direct victim of the alleged constitutional tort." *Jaco v. Bloechle,* 739 F.2d 239, 241 (6th Cir. 1984); *Claybrook v. Birchwell,* 199 F.3d 350, 357 (6th Cir. 2000); *Robinson v. City of Memphis,* 340 F.Supp.2d 864, 872 (W.D.Tenn. 2004).

In addition, there is no consortium or loss of services claim of a parent under Title VI or § 1983 for the personal injury to a child.  *See Kinzer v. Metro. Gov't of Nashville,* 451 F.Supp.2d 931 (M.D.Tenn 2006).  Accordingly, all claims brought by Chi Hill and Jim Hill, Individually, under 42 U.S.C. § 1983, 42 U.S.C. § 2000d (Title VI), and under the Equal Protection Clause for the alleged deprivation of their children's civil rights are **DISMISSED.**

Next, any individual federal claims or state law claims brought by Chi and Jim Hill are barred by the applicable statute of limitations.  The Supreme Court has explained

5

that, where a federal statute does not provide a statute of limitations period, the district courts are to apply the relevant state law statute of limitations. *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 462 (1975). Tennessee law provides that a civil rights action must be brought within one year from the date the cause of action accrued. Tenn. Code Ann. § 28-3-104(a)(3). Therefore, a Title VI claim must be brought within one year from the time the cause of action accrued. *Simmons v. Middle Tennessee State University,* 1997 WL 400105 at *2 (6th Cir. 1997). The statute of limitations for a cause of action under § 1983 and the Equal Protection Clause is governed by the state personal injury statute of limitations. *Owens v. Okure,* 488 U.S. 235, 249-50 (1989); *Lyons v. Metro Gov't of Nashville,* 416 Fed. Appx. 483, 491 (6th Cir. 2011). Therefore, the statute of limitations for a cause of action under § 1983 and the Equal Protection Clause arising in the State of Tennessee is also one year. Tenn. Code Ann. § 28-3-104(a)(3); *Roberson v. Tennessee,* 399 F.3d 792, 794 (6th Cir. 2005); *Dellis v. Corrs. Corp. of Amer.,* 257 F.3d 508, 511 (6th Cir. 2001).

All allegations in plaintiffs' Complaint concern the school years from 2009 through 2011. The complaint was not filed until March 11, 2014. Because this is almost three years after any alleged events occurred, any claims brought by Chi and Jim Hill for violation of their civil rights, or for tort claims under Tennessee state law, are untimely and are **DISMISSED.**

## IV. Motion to Dismiss by Blount County Schools

Defendants assert that Blount County Schools is not an entity subject to suit. Defendants are correct in that assertion. The operation of the county school system in Blount County is by the Blount County Board of Education, the statutory entity pursuant to Tenn. Code Ann. § 49-2-203, and its duly elected Board of Education. *See* Tenn. Code Ann. § 49-6-201. Accordingly, Blount County Schools will be **DISMISSED** as a party defendant.

## V. Motion to Dismiss by Blount County

Defendants assert that the only involvement Blount County has with regard to the Blount County Board of Education is the funding of budgets and bonding for schools as set forth in Tenn. Code Ann. § 49-2-101. Duties and powers of the local administration of the schools in Blount County are reposed in the local board of education. *See* Tenn. Code Ann. §§ 49-2-201 *et seq.* Moreover, plaintiffs' Complaint contains no allegations that Blount County took any actions with regard to either plaintiff in 2009-2011. Accordingly, Blount County will be **DISMISSED** as a party defendant.

## VI. Motions to Dismiss by Defendants in Their Official Capacity

Defendants, Rob Britt, Steve Lafon, Cassandra Dowd, Rob Clark, Dr. Jane Morton, and Dr. Alisa Teffeteller, move to dismiss the claims against them in their official capacity. When a government defendant is sued in his or her official capacity, the court must proceed as if the plaintiff has in fact sued the governmental entity itself, in

7

this case the Blount County Board of Education. *Kentucky v. Grams,* 473 U.S. 159, 165 (1985); *Brandon v. Holt,* 469 U.S. 464, 471 (1985); *Monell v. Dept. of Social Servs. of City of New York,* 463 U.S. 658, 690 n. 55 (1978). In order to prevail, plaintiffs must demonstrate that the violation of their constitutional rights resulted from acts representing official policy or custom adopted by the Blount County Board of Education. The Board of Education is a defendant to this action. Accordingly the claims against Rob Britt, Steve Lafon, Cassandra Dowd, Rob Clark, Dr. Jane Morton, and Dr. Alisa Teffeteller in their official capacity must be **DISMISSED**.

### VII. Motions to Dismiss by Defendants in Their Individual Capacity

Defendants, Rob Britt, Steve Lafon, Cassandra Dowd, Rob Clark, Dr. Jane Morton, and Dr. Alisa Teffeteller, move to dismiss the claims against them in their individual capacity.

Paragraph 11 of plaintiffs' Complaint alleges that:

Wherever this Complaint uses "Defendant(s)," such term collectively refers to and includes all named Defendants in this lawsuit."

Defendants assert that there is no designation of which defendant engaged in which alleged wrongful act or omission. Defendants argue that general allegations, such as those contained in plaintiffs' Complaint, are insufficient for civil rights actions. The court agrees.

In this case, defendants are simply alleged to hold certain positions without any additional allegations regarding their individual conduct. "Each government official, his

8

or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal,* 556 U.S. at 677; *see also Marcilis v. Twn. Of Bedford,* 693 F.3d 589, 596 (6th Cir. 2012). As a result, "damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did that violates the asserted constitutional right. *Lanman v. Hinson,* 529 F.3d 673, 684 (6th Cir. 2008). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery" against individual actors for alleged constitutional violations. *Gilmore v. Corr. Corp. of America.,* 92 Fed. Appx. 188, 190 (6th Cir. 2004); *see also Frazier v. Michigan,* 41 Fed. Appx. 762, 764 (6th Cir. 2002) (affirming dismissal where the plaintiff "failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights").

A plaintiff must "allege that a specific defendant performed a specific act that suffices to state a [federal civil rights] claim." *Kesterson v. Moritsugu,* 1998 WL 321008 at *4 (6th Cir. 1998). Courts appropriately dismiss a complaint where it merely identifies defendants as holding a particular position without specific allegations concerning acts performed by each individual defendant "that resulted in a deprivation of [plaintiff's] constitutional rights." *Marcilis*, 693 F.3d at 605. Simply "lumping all the defendants together" in each claim and providing no factual basis to distinguish their conduct fails to satisfy the minimum standard that a complaint gives each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests. *Id.* As to the allegations related to the Title VI claim, the same general pleading requirements apply as well.

9

Additionally, there is no allegation that any defendant acted with "intentional discrimination" on the basis of race. *See Alexander v. Sandoval,* 532 U.S. 275, 280 (2001); *see also Lee Testing & Eng'g, Inc. v. Ohio DOT,* 855 F.Supp.2d 722 (S.D. Ohio 2012) (dismissing § 2000d complaint for failure to specify what each defendant did which violated Title VI).

Here, paragraph 16 identifies Rob Britt as the Director of Schools and claims he is an "official policymaker for the Blount County Schools." Neither Britt, nor Steve Lafon, Cassandra Dowd, Rob Clark, Dr. Jane Morton, and Dr. Alisa Teffeteller, are mentioned by name or title in any factual paragraph of the Complaint. The Complaint fails to allege any act performed by any of these defendants resulting in the deprivation of any specific rights under federal law. The court concludes as to these defendants, plaintiffs' Complaint fails to satisfy the basic pleading standard set forth in Rule 8(a)(2) because the Complaint fails to give fair notice of the constitutional claims against each defendant or the grounds upon which such constitutional claims are based. *See Marcilis,* 693 F.3d at 605. Where a complaint fails to comply with Rule 8, the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial. *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2nd Cir. 1995). Accordingly, the court will **DISMISS** all federal claims against defendants Rob Britt, Steve Lafon, Cassandra Dowd, Rob Clark, Dr. Jane Morton, and Dr. Alisa Teffeteller, in their individual capacity, for failure to state a claim upon which relief can be granted.

Plaintiffs' remaining state law claims against these defendants will be dismissed pursuant to 28 U.S.C. § 1367. The court has supplemental jurisdiction over the plaintiffs'

state law claims pursuant to 28 U.S.C. § 1367(a). In its discretion, however, the court may decline to exercise supplemental jurisdiction over supplemental claims if the district court has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3). The court is dismissing all of the federal claims filed against these defendants in their individual capacity. In deciding whether to exercise supplemental jurisdiction, the court must consider the factors of judicial economy, convenience, fairness, and comity. *Musson Theatrical Inc. v. Fed. Exp. Corp.,* 89 F.3d 1244, 1254-55 (6th Cir. 1996). When all federal claims are dismissed before trial, the balance of considerations usually weights in favor of dismissing supplemental state law claims without prejudice under 28 U.S.C. § 1367(c)(3). *Id.; Novak v. MetroHealth Medical Center,* 503 F.3d 572, 583 (6th Cir. 2007); *Widgren v. Maple Grove Township,* 429 F.3d 575, 586 (6th Cir. 2005); *Poteet v. Polk Cnty.,* 2007 WL 124089 (E.D. Tenn. 2007). After considering the factors of judicial economy, convenience, fairness, and comity in the present case, the court, pursuant to 28 U.S.C. § 1367(c)(3), declines to exercise supplemental jurisdiction over plaintiffs' state law claims against these defendants. Therefore, all state law claims asserted against these defendants in their individual capacity, are **DISMISSED, without prejudice.**

## VIII. State Law Claims Against the Blount County Board of Education

The plaintiffs' state law claims against the Blount County Board of Education will also be dismissed. Title 28 U.S.C. § 1367(c) provides that district courts may decline to exercise supplemental jurisdiction over state law claims, when they raise novel or

11

complex issues of state law or, in exceptional circumstances, there are compelling reasons for declining supplemental jurisdiction. The Tennessee Governmental Tort Liability Act (TGTLA) was passed in 1973 to govern claims against governmental entities, such as political subdivisions of the state, including but not limited to, any municipality, metropolitan government, county, utility, school district, nonprofit volunteer fire department, *etc.,* or any instrumentality of government created by any one or more of the herein named local governmental entities or by Act of the General Assembly. Tenn. Code Ann. § 29-20-102(3). The TGTLA is a comprehensive scheme which governs tort actions against governmental entities, including the Blount County Board of Education. *See Cruse v. City of Columbia,* 922 S.W.2d 492, 496 (Tenn. 1996). The GTLA provides in pertinent part: "[t]he circuit courts shall have exclusive original jurisdiction over any action brought under this chapter . . . ." Tenn. Code Ann. § 29-20-307. This expresses a clear preference from the Tennessee legislature that claims under the TGTLA be handled by state courts. *Gregory v. Shelby County,* 220 F.3d 433, 446 (6th Cir. 2000). Accordingly, this court declines to exercise supplemental jurisdiction over the plaintiffs' state law claims brought against the Blount County Board of Education for negligent hiring and retention, negligent infliction of emotional distress, and any claim arising under Tennessee's Constitution or statutes; therefore, these claims will be **DISMISSED, without prejudice.**

12

Case 3:14-cv-00096-PLR-HBG   Document 46   Filed 02/19/15   Page 12 of 15   PageID #: 300

## IX. Plaintiffs' Request to Amend the Complaint

Plaintiffs have alternately asserted that the court should grant them an opportunity to amend their complaint if the court finds the complaint deficient in that it fails to give defendants notice of plaintiffs' claims. Pursuant to Federal Rule of Civil Procedure 15, a court may grant leave to amend "when justice so requires." Fed.R.Civ.P. 15(a). Courts must read Rule 15 in conjunction with Federal Rule of Civil Procedure 7(b), which requires that a party make such a request in a motion that states with "particularity the grounds for seeking the order." Fed.R.Civ.P. 7(b). The federal courts do not look favorably upon bare requests for leave to amend in a response to a motion to dismiss when the requesting party could have filed a proper motion to amend and attached a proposed amended complaint for consideration by the court. *See Evans v. Pearson Enterprises, Inc.,* 434 F.3d 839, 853 (6th Cir. 2006); *PR Diamonds, Inc. v. Chandler,* 364 F.3d 671, 699 (6th Cir. 2004); *Begala v. PNC Bank,* 214 F.3d 776, 783-84 (6th Cir. 2000); *Daugherty v. Graves,* 2012 WL 523664 at *3 (E.D. Tenn. 2012); *Techdisposal.com Inc. v. CEVA Freight Mgmt.*, 2009 WL 4283090 at *4-*5 (S.D. Ohio 2009). As the Sixth Circuit has explained:

> Had plaintiffs filed a motion to amend the complaint prior to the court's consideration of the motions to dismiss and accompanied that motion with a memorandum identifying the proposed amendments, the court would have considered the motions to dismiss in light of the proposed amendments to the complaint. Absent such a motion, however, defendant was entitled to a review of the complaint as filed pursuant to Rule 12(b)(6). Plaintiffs were not entitled to an advisory opinion from the court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies.

*PR Diamonds, Inc.,* 364 F.3d at 699.

Here, plaintiffs have failed to follow the proper procedure for submitting a motion to amend their complaint. Plaintiffs have also not submitted a proposed amended complaint for review and consideration by the court as required by the Local Rules of the District. *See* Local Rule 15.1. Accordingly, because plaintiffs have not complied with the directive of Rule 7(b) or with the Local Rules, the court will not accept plaintiffs' alternative argument contained in a response to a motion to dismiss as a proper motion to amend.

## X. Conclusion

In light of the foregoing discussion, the following action is taken:

1. Defendants' motions to dismiss the claims of Chi Hill and Jim Hill as Next Friend of S.H. [R. 36, 38] are **GRANTED**; Chi Hill and Jim Hill are **DISMISSED** as party plaintiffs; and S. Hill is **SUBSTITUTED** as party plaintiff in this action.

2. All claims brought by Chi Hill and Jim Hill individually are **DISMISSED** as untimely.

3. Defendants' motions to dismiss [R. 20, 23] are **GRANTED** as follows:

    a. Blount County Schools is **DISMISSED** as a party defendant.

    b. Blount County is **DISMISSED** as a party defendant.

    c. Rob Britt, individually and in his official capacity, is **DISMISSED** as a party defendant.

    d. Steve Lafon, individually and in his official capacity, is **DISMISSED** as a party defendant.

14

    e.  Cassandra Dowd, individually and in her official capacity, is **DISMISSED** as a party defendant.

    f.  Rob Clark, individually and in his official capacity, is **DISMISSED** as a party defendant.

    g.  Dr. Jane Morton, individually and in her official capacity, is **DISMISSED** as a party defendant.

    h.  Dr. Alisa Teffeteller, individually and in her official capacity, is **DISMISSED** as a party defendant.

  4.  Plaintiffs' state law claims for negligent hiring; intentional/negligent infliction of emotional distress; violation of the Tennessee Constitution; and violation of Tennessee statutory law are **DISMISSED, without prejudice.**

  5.  Plaintiff's motion to amend their Complaint is **DENIED.**

  **IT IS SO ORDERED**.

_____
**UNITED STATES DISTRICT JUDGE**